**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------------X

WILSHIRE INSURANCE COMPANY,

                    Plaintiff,

            -against-

CENTERTON HOSPITALITY GROUP, LLC dba
CENTERTON COUNTRY CLUB & EVENT CENTER
and TEN22 BAR & GRILL, DAVID KENELIA,
ROBERT FORD and HOWARD LEE BYERS,

                    Defendants.

CIVIL ACTION NO.: 1:18-cv-277

-----------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY JUDGMENT

Wilshire Insurance Company ("Wilshire") files its Complaint for Declaratory Judgment against the Defendants Centerton Hospitality Group, LLC dba Centerton Country Club & Event Center and Ten22 Bar & Grill ("Centerton"), David Kenelia ("Kenelia"), Robert Ford ("Ford") and Howard Lee Byers ("Byers") (together referred to as "Defendants").

## I.     NATURE OF THE ACTION

1.     This is an action for a declaratory judgment with respect to Liability Policy No. LB00019184, issued by Wilshire to Centerton for the policy period June 21, 2013 to June 21, 2014 (the "Policy"). A copy of the Policy is attached as Exhibit A to this Complaint and incorporated herein.

2.     Wilshire is currently affording a defense to Centerton with respect to an underlying lawsuit pending in the Superior Court of New Jersey, Law Division, Salem County styled *David Kenelia v. Ten22 Bar and Grill, Centerton Country Club, Robert Ford, Howard Lee Byers, John Doe 1-10 and/or John Doe, Inc. 1-10*, Docket No. SLM-L-147-15 (the "Underlying Action"). A

copy of the complaint in the Underlying Action is attached as Exhibit B to this Complaint.

3. The Underlying Action involves Kenelia's claim that he was served with alcoholic beverages when he was already visibly intoxicated at Centerton's bar, and that as a result he engaged in a physical altercation, was assaulted by Ford and/or Byers and suffered bodily injury.

4. Discovery in the Underlying Action is complete and Kenelia was provided with a complete copy of the Policy in April 2016.

5. Trial in the Underlying Action was scheduled for January 2018. However, on December 4, 2017, Kenelia first raised an objection to the fact that the $100,000 Assault and Battery sub-limit contained in the Policy applies to limit Wilshire's responsibility to indemnify Centerton for any liability that may be imposed on it. A copy of Kenelia's December 4, 2017 objection is attached as Exhibit C to this Complaint.

6. In an Order dated December 20, 2017, the trial judge adjourned the trial date so that Wilshire might commence a declaratory judgment action on or before January 10, 2018 with a copy to all counsel. A copy of the December 20, 2017 Case Management Order is attached as Exhibit D to this Complaint.

7. Accordingly, Wilshire now seeks a declaration that one $100,000 Assault and Battery sub-limit contained in the Policy applies to any potential duty to indemnify Centerton with respect to the Underlying Action. Wilshire also seeks a declaration that the Policy does not cover punitive damages.

## II. THE PARTIES

4. Plaintiff Wilshire Insurance Company is a corporation organized under the laws of the state of North Carolina, with its principal place of business in Raleigh, North Carolina.

5. Upon information and belief, Defendant Centerton Hospitality Group, LLC dba

Centerton Country Club & Event Center and Ten22 Bar & Grill is a corporation organized under the laws of the state of New Jersey, with its principal place of business in New Jersey.

6. Upon information and belief, Defendant David Kenelia is a citizen of New Jersey.

7. Upon information and belief, Defendant Robert Ford is a citizen of New Jersey.

8. Upon information and belief, Defendant Howard Lee Byers is a citizen of New Jersey.

### III.    JURISDICTION AND VENUE

9. This is an action for declaratory judgment under 28 U.S.C. § 2201 (the Declaratory Judgment Act). This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship between Wilshire and all Defendants, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district, and, upon information and belief, at least one of the Defendants resides in this District.

### IV.    THE UNDERLYING ACTION

11. The Underlying Action arises out of a physical altercation between Kenelia, Ford and Byers in the early hours of August 18, 2013 that resulted in bodily injury to Kenelia. Kenelia seeks to recover compensatory and punitive damages against Centerton, Ford and Byers. See Exhibit B.

12. Kenelia was a patron of Centerton's bar located at 1022 Almond Road in Pittsgrove, New Jersey on the evening of August 17-18, 2013.

13. The Underlying Action alleges that Kenelia was served alcoholic beverages despite

the fact that he was purportedly intoxicated. See Exhibit B.

14.     The Underlying Action alleges that Kenelia was outside the bar when he engaged in a verbal altercation with Ford and Byers. It is alleged that Ford and Byers chased him back into Centerton's bar whereupon Byers held Kenelia while Ford punched him on the left side of the head. Id. Kenelia alleges to have suffered bodily injury as a result of the assault.

15.      After a police investigation, Ford was arrested, charged and indicted for aggravated assault in the third degree. A copy of the relevant police reports, criminal complaint, indictment and pre-trial intervention are attached as Exhibit E to this Complaint.

16.     The Underlying Action asserts the following causes of action against Centerton: Dram Shop Act violation, gross/wanton/willful negligence (seeking punitive damages) and negligent security. See Exhibit B.

17.     The Underlying Action asserts a cause of action against Ford for assault. See Exhibit B.

18.     The Underlying Action asserts a cause of action against Byers, seeking to hold him jointly and severally responsible for the alleged assault. Id.

## V.     THE WILSHIRE POLICY

19.     Wilshire[1] issued Policy number SLB00019184 to Centerton for the policy period June 21, 2013 to June 21, 2014.

20.     Relevant to the Underlying Action, the Policy has a Commercial General Liability Coverage part and a Liquor Liability Coverage part.

21.     The Policy contains an Assault and Battery Endorsement, applicable to both the Commercial General Liability Coverage part and the Liquor Liability Coverage part. The Assault

---

[1] The Policy was originally issued by non-party Acceptance Indemnity Insurance Company. By way of Endorsement 3, the issuing company was amended to read Wilshire Insurance Company in lieu of Acceptance. See Exhibit A.

and Battery Endorsement provides, in relevant part:

### LIMITED ASSAULT AND/OR BATTERY COVERAGE

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART

### SCHEDULE

Assault and/or Battery Each per Incident Limit:        $100,000
Assault and/or Battery Aggregate Limit:        $300,000

**A.**    **Coverage – Assault And/Or Battery**

In consideration of the premium charged, and subject to all of the other terms and conditions of this policy, we will pay those sums which the insured becomes legally obligated to pay as damages because of "injury" to which this coverage applies arising out of or resulting from an "incident" of "assault and/or battery." We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. But:

**1.**    The amount we will pay for damages is limited as described in the SCHEDULE above; and

**2.**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

**B.**    **Limit Of Insurance**

**1.**    The Assault and/or Battery per Incident Limit is the most we will pay for all "injury" arising out of "assault and/or battery" as the result of any one "incident," regardless of the number of:

**a.**    Insureds;

**b.**    Claims made or "suits" brought;

**c.**    Persons or organizations making claims or bringing "suits."

**2.**    The Assault and/or Battery Aggregate Limit is the most we will pay for all "injury" arising out of "assault and/or battery" as the result of the selling, servicing or furnishing of alcoholic beverages; and/or as

the result of an "occurrence," regardless of the number of claimants and/or injuries, during the policy period.

   3.   The ASSAULT AND/OR BATTERY EXCLUSION **AL 14 52** does not apply to coverage provided in this endorsement. This exception is limited to the Limit of Insurance in the SCHEDULE above.

   4.   The Limits of Insurance in the SCHEDULE above shall not be in addition to any other Limits in the policy.

**C.   Definitions**

   1.   "Assault and/or Battery" means:

      a.   Any claims arising out of assault and/or battery;

      b.   Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons; or

      c.   Claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing.

      d.   Assault and/or battery includes sexual assault and/or battery.

   2.   "Incident" means all assault and/or battery arising from the selling, servicing or furnishing of alcoholic beverages and/or a single occurrence taking place in one twenty-four hour period.

   3.   "Injury" means all damages, including damages because of "bodily injury" and "property damage," and including damages for care, loss of services or loss of support.

   4.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

22.   The Policy contains an express exclusion for:

**Punitive, Exemplary Treble Damages or Multipliers of Attorney's Fees**

Any claims or demands for payment of punitive, exemplary or treble damages, whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable, including any multiplier of attorney's fees statutorily awarded to the prevailing party.

23.     Under New Jersey law, punitive damages are not insurable as a matter of public policy.

24.     On September 15, 2015, Wilshire issued a written coverage position letter to Centerton advising that it would defend Centerton under the Policy, and stating, in relevant part:

> Additionally, the most we will pay for claims arising out of assault and/or battery is the $100,000 assault and/or battery limit. Further, be advised that the policy excludes coverage for any punitive damages.

A copy of the September 15, 2015 coverage position letter is attached as Exhibit F to this Complaint.

25.     Centerton has never disputed or challenged Wilshire's coverage position, and Wilshire has been providing Centerton with a complete defense with respect to the Underlying Action.

26.     Centerton advised Kenelia, in response to interrogatories in March 2016, that the Policy contained a $100,000 Assault and Battery sub-limit.

27.     Kenelia was provided with a complete copy of the Policy in April 2016. See Exhibit C.

28.     Wilshire was not required, by contract or by law, to send a copy of its coverage position letter to Kenelia, or otherwise remind Kenelia of the Policy terms and conditions.

29.     Wilshire has offered its full $100,000 Policy limit on Centerton's behalf to settle the Underlying Action.

30.     On the eve of trial, Kenelia now seeks to challenge Wilshire's position as to the application of the $100,000 Assault and Battery sub-limit.

## VI.    CLAIM FOR RELIEF

### Claim for Declaratory Judgment
**One $100,000 Assault and Battery Sublimit Applies to Any Duty to Indemnify Centerton With Respect to the Underlying Action**

31.    Wilshire adopts and incorporates herein by reference the allegations in all proceeding paragraphs as if fully repeated herein.

32.    The Underlying Action filed against Centerton seeks to recover damages after Kenelia was allegedly assaulted by Ford and/or Byers at Centerton's bar. See Exhibit B.

33.    Kenelia alleges that Centerton served him alcoholic beverages after he was already intoxicated, and that after a verbal altercation, Byers held Kenelia while Ford punched him on the left side of the head. Id.

34.    Ford was arrested, charged and indicted for aggravated assault in the third degree. See Exhibit E.

35.    The Assault and Battery Endorsement in the Policy limits coverage for claims *arising out of* assault and battery, including claims for negligent security or supervision, to $100,000 per incident. See Exhibit A.

36.    The $100,000 sub-limit in the Assault and Battery Endorsement is not limited to claims *for* assault and battery, but broadly includes all claims *arising from* assault and battery, and specifically includes claims for negligent security or supervision. Id.

37.    The facts alleged in the Underlying Action arise from "assault and/or battery" as that term is defined by the Policy.

38.    All causes of action asserted against Centerton in the Underlying Action arise from "assault and/or battery" as that term is defined by the Policy.

39.    Accordingly, the $100,000 sub-limit provided in the Assault and Battery

Endorsement applies to the Underlying Action. Wilshire seeks a declaration that should it become obligated to indemnify Centerton with respect to the Underlying Action, its limit of liability will not exceed $100,000.

### Claim for Declaratory Judgment
**The Policy Does Not Cover Punitive Damages**

40.     Wilshire adopts and incorporates herein by reference the allegations in all proceeding paragraphs as if fully repeated herein.

41.     The Underlying Action filed against Centerton seeks punitive damages.

42.     The Policy expressly excludes coverage for punitive damages.

43.     Punitive damages are not insurable as a matter of public policy in New Jersey.

44.     Accordingly, Wilshire seeks a declaration that should it become obligated to indemnify Centerton with respect to the Underlying Action, such indemnity will not extend to punitive damages.

**VII.    PRAYER FOR RELIEF**

WHEREFORE, Wilshire Insurance Company prays for relief as follows:

1.     A judicial declaration that the $100,000 Assault and Battery sub-limit in the Policy applies once to any potential obligation to indemnify Centerton with respect to the Underlying Action;

2.     A judicial declaration that the Policy does not afford coverage for punitive damages; and

3.     An Order awarding Wilshire such additional relief as in law or equity may be appropriate.

Dated:  January 9, 2018                        Respectfully submitted,

                                               COZEN O'CONNOR


                                               _____
                                                          /s/
                                               By: Melissa F. Brill, Esq. (MB4374)
                                                    Laura B. Dowgin, Esq. (LD8588)
                                               45 Broadway Atrium, Suite 1600
                                               New York, NY 10006
                                               (212) 908-1257
                                               (212) 453-3775
                                               mbrill@cozen.com
                                               ldowgin@cozen.com

                                               *Attorneys for Plaintiff*
                                               *Wilshire Insurance Company*